# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLAND-HEWITT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALLSTATE LIFE INSURANCE CO.,<br><br>　　　　Defendant. | Case No.  1:20-cv-00652-DAD-SAB<br><br>ORDER GRANTING DEFENDANT'S MOTION TO CONTINUE SCHEDULING CONFERENCE<br><br>(ECF Nos. 21,  ) |

Susan L. Holland-Hewitt ("Plaintiff") filed this action individually and on behalf of a class against Allstate Life Insurance Company ("Defendant").  Currently before the Court is Defendant's motion to continue the scheduling conference until the pending motion to dismiss is decided.

## I.

## PROCEDURAL HISTORY

Plaintiff filed this action on May 8, 2020.  (ECF No. 1.)  On this same date the order issued setting the mandatory scheduling conference for August 11, 2020.  (ECF No. 3.)  The summons and complaint were served on May 13, 2020, and Defendant filed a motion to dismiss on July 1, 2020.  (ECF Nos. 4, 8.)  On July 6, 2020, a minute order issued continuing the scheduling conference to December 15, 2020 due to the pending motion to dismiss.  (ECF No. 11.)  Plaintiff filed an opposition to the motion to dismiss on August 4, 2020.  (ECF No. 12.)  Defendant filed a reply on August 11, 2020.  (ECF No. 13.)

On November 19, 2020, Defendant filed a motion to continue the mandatory scheduling

conference.  (ECF No. 21.)  Plaintiff filed an opposition to the motion on November 24, 2020, and Defendant filed a reply on November 30, 2020.  (ECF Nos. 23, 24.)

## II.

## DISCUSSION

Defendant contends that there is good cause to continue the scheduling conference until after the motion to dismiss is decided.  Defendant argues that the motion to dismiss could completely resolve this action and that this case is not in the proper procedural posture to hold the scheduling conference and the Court has sua sponte continued the conference to allow for decision on the motion to dismiss.  Defendant requests that the scheduling conference be continued to conserve the resources of the parties and the court as the scope of the litigation will be greatly clarified and possibly mooted in its entirety.

Plaintiff counters that continuing the scheduling conference will hurt Plaintiff and the class that she seeks to represent due to the potential of the loss of critical life insurance coverage. Plaintiff also argues that she is seeking injunctive relief in this action and this cuts against additional delays.  Plaintiff contends that the only prejudice that Defendant has identified is the harm of having to defend the lawsuit which is irrelevant and that the request is at odds with the Federal Rules of Civil Procedures mandate for just, speedy, and inexpensive resolution of the proceedings.

Defendant replies the despite Plaintiff's arguments, the request is only to stay this action until resolution of the motion to dismiss and they are not seeking an indefinite stay.  Defendant argues that Plaintiff has already served extensive and broad discovery requests which Defendant has acknowledged will be considered served once the parties participate in the Rule 26 conference.  Defendant contends that much of these requests could be mooted by the ruling on their motion to dismiss and allowing discovery to proceed at this time would result in corresponding discovery disputes should Defendant be required to respond prior to the motion to dismiss being decided.

The length of the delay in this action is due to the judicial emergency that exists in this district as the parties were advised in the May 8, 2020 Standing Order in Light of Ongoing

Judicial Emergency in the Eastern District of California.  (ECF No. 3-2.)  Due to there being only a single fulltime district judge in Fresno, there are significant delays in deciding motions once they are fully briefed.  Given that the motions to dismiss were fully briefed in August 2020 a significant amount of time and money could be expended by the parties in litigating this action and the court would likely be involved in deciding discovery disputes that would be unnecessary if the motion is granted.

Plaintiff argues that the mandatory scheduling conference should go forward, but Defendant has moved to dismiss the complaint based on the plain language of the statute at issue or in the alternative to stay the action until the resolution of pending cases in the California Supreme Court and the Ninth Circuit Court of Appeals.  If the motion is granted, then the time spent by the parties and the court on this action would be for naught.  Although Plaintiff argues the merits of the action and that the failure to comply with the statutes is potentially causing the loss of critical life insurance coverage, holding the scheduling conference and commencing discovery prior to the pleadings being settled and answers being filed in this matter is likely to result in undue burden, expense, and unnecessary discovery disputes.  (See Order Setting Mandatory Scheduling Conference 7, ECF No. 3.)

While the Court is aware of the delay that has resulted in this matter due to the pending motion, until such time as the motion to dismiss has been resolved and the answer has been filed in this action, the Court finds that holding the scheduling conference and opening discovery will result in undue burden and expense to the parties and the likelihood of discovery disputes due to the unsettled nature of the pleadings would result in a waste of judicial resources on the already overburdened caseload in this district.

The Court finds good cause to continue the scheduling conference and stay discovery to allow the pending motion to dismiss to be decided.  Should the motion to dismiss be denied and this matter be ripe for scheduling prior to the continued date, the parties may request that the scheduling conference be advanced.

Finally, the parties are advised of the availability of a United States Magistrate Judge to conduct all proceedings in this action.  A United States Magistrate Judge is available to conduct

trials, including entry of final judgment, pursuant to 28 U.S.C. § 28 U.S.C. 636(c), Federal Rule of Civil Procedure 73, and Local Rule 305.  The parties are free to withhold consent or decline magistrate jurisdiction without adverse substantive consequences.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to continue the scheduling conference is GRANTED;
2. The scheduling conference set for December 2, 2020 is CONTINUED to **April 6, 2021, at 10:30 a.m.** in Courtroom 9; and
3. The parties shall file a joint scheduling report **seven (7) days** prior to the scheduling conference.

IT IS SO ORDERED.

Dated:   **December 3, 2020**

UNITED STATES MAGISTRATE JUDGE

4