UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN L HOLLAND-HEWITT, *individually, and as agent and attorney-in-fact to James L. Holland, and on behalf of the class*,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE LIFE INSURANCE COMPANY,<br><br>Defendant. | No. 1:20-cv-00652-DAD-SAB<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS OR STAY THIS ACTION AND STAYING THIS ACTION<br><br>(Doc. No. 8) |

This matter is before the court on the motion to dismiss or stay this action filed by defendant Allstate Life Insurance Company on July 1, 2020. (Doc. No. 8.) Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-19 pandemic, defendant's motion was taken under submission on the papers. (Doc. No. 10.) For the reasons explained below, the court will grant defendant's motion to stay the proceedings in this action pending the issuance of a decision by the California Supreme Court in *McHugh v. Protective Life Insurance* (No. S259215) and pending the issuance of a decision by the Ninth Circuit in either *Bentley v. United of Omaha Life Insurance Company* (Nos. 20-55435 and 20-55466) or *Thomas v. State Farm Life Insurance Company* (No. 20-55231). In light of the stay ordered herein, the court will not address defendant's motion to dismiss until the stay has been lifted.

1

**BACKGROUND**

On May 8, 2020, plaintiff Susan L. Holland-Hewitt filed a putative class action complaint alleging that defendant Allstate Life Insurance Company ("Allstate" or "defendant") refuses to comply with the statutory requirements set forth in § 10113.71 and § 10113.72 of the California Insurance Code ("the Statutes") with regard to procedures for termination and lapse of life insurance policies. (Doc. No. 1 at ¶¶ 1, 2, 13.) In particular, plaintiff alleges that since January 1, 2013—the effective date of the Statutes—Allstate has systematically and purposely failed to comply with the Statutes' requirements that insurers provide proper notices of lapse or termination of life insurance policies, notify policyholders of their right to designate another person to receive those notices, and provide a 60-day grace period from the due date of insurance premiums during which the policy remains in force. (*Id.* at ¶¶ 2, 14–19.)

In her complaint, plaintiff alleges the following. In 1997, plaintiff's father Mr. Holland purchased a life insurance policy from Allstate in which he is the sole named policy owner and the sole named insured ("the Policy"). (*Id.* at ¶¶ 9, 27.) Plaintiff is the beneficiary of the Policy and brings this action in her individual capacity and as the agent and attorney-in-fact for her father, the insured. (*Id.* at ¶ 8.) The premium payment under the Policy was about $130 per month, and "the value of the Policy is $50,000 or more." (*Id.* at ¶ 29.) The Policy provides a 60-day grace period and states that Allstate "will provide written notice at least 31 days prior to the day coverage stops." (*Id.*)

In or around September 2016, one premium payment for the Policy was missed. (*Id.* at ¶ 31.) At that time, "the effects of Mr. Holland's Alzheimer's were intensifying" and his wife was very ill. (*Id.*) Before missing this one payment, Mr. Holland had made premium payments on the Policy consistently for nearly 20 years. (*Id.*) Allstate "attempted to lapse or terminate coverage in or around November 2016" and denied plaintiff's request to have the Policy reinstated in 2017 because, given his Alzheimer's, Mr. Holland "was no longer insurable at the same rate as prior to the termination of the Policy." (*Id.* at ¶¶ 31, 32.)

/////
/////

1     Plaintiff alleges that Allstate's termination of the Policy "was illegal and ineffective"
because Allstate did not comply with the requirements of the Statutes. (*Id.* at ¶ 31–35.)  In that
regard, plaintiff alleges that she "has no record of her or Mr. Holland receiving notices of any
missed premium payment in 2016 or of any impending lapse or the triggering of any mandatory
60-day grace period or of any right to designate an individual to receive notices." (*Id.* at ¶ 31.)
Because Allstate's handling of the Policy and alleged violations of the Statutes is consistent with
its standard policies and procedures, plaintiff seeks to represent a class of all owners and
beneficiaries of Allstate's life insurance policies in force on or after January 1, 2013 where those
policies similarly underwent lapse, termination, and/or reinstatement without Allstate complying
with the Statutes' notice and grace period requirements. (*Id.* at ¶¶ 36–41.)

Based on her allegations that Allstate has failed to comply with the Statutes' requirements, plaintiff asserts the following five causes of action: (1) a claim for declaratory judgment or relief under California Civil Code §§ 1060, *et seq.*; (2) a claim for declaratory judgment or relief under 28 U.S.C. §§ 2201, *et seq.*; (3) a claim for breach of contract; (4) a claim for unfair competition under California Business and Professions Code §§ 17200, *et seq.*; and (5) a claim for financial elder abuse under California Welfare and Insurance Code § 15610.30. (Doc. No. 1.)

On July 1, 2020, defendant filed a motion to dismiss or stay this action, arguing that a temporary stay is warranted because the question of whether the Statutes apply to life insurance policies issued or delivered *before* the January 1, 2013 effective date of the Statutes has been presented to the California Supreme Court and the Ninth Circuit in three cases currently pending on appeal. (Doc. Nos. 8, 8-1.) On August 4, 2020, plaintiff filed her opposition to the pending motion. (Doc. No. 12.) On August 11, 2020, defendant filed its reply thereto. (Doc. No. 13.)

While defendant's motion has been pending before the court, the parties have filed several notices of supplemental authority to bring to the court's attention the fact that numerous district courts throughout the state have considered motions to stay proceedings in cases that similarly turn on the issue of retroactive application of the Statutes—an issue currently under review by both the California Supreme Court and the Ninth Circuit. Defendant requested leave to notify the

/////

3

court that district courts have granted those motions to stay proceedings in *eight* cases.[1] (Doc. Nos. 18, 19, 20.) In comparison, plaintiff notified the court that a district court has denied such a motion to stay in only *one* case.[2] (Doc. No. 16.) The court grants the parties' respective requests to provide supplemental authority and has considered those supplemental authorities.

**LEGAL STANDARD**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *accord Stone v. INS*, 514 U.S. 386, 411 (1995) (Breyer, J., dissenting) ("[W]e have long recognized that courts have inherent power to stay proceedings and 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'") (quoting *Landis*, 299 U.S. at 254). Deciding whether to grant a stay pending the outcome of other proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. The party seeking such a stay must "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one [sic] else." *Id.* at 255.

In considering whether to grant a stay, this court must weigh several factors, including "[1] the possible damage which may result from the granting of a stay, [2] the hardship or

---

[1] Defendant points to the following eight orders in which courts have granted stays in similar cases: *Allen v. Protective Life Insurance Company*, No. 1:20-cv-00530-NONE-JLT, 2020 WL 5878276 (E.D. Cal. Oct. 2, 2020); *Kelley v. Colonial Penn Life Insurance Company*, No. 2:20-cv-03348-MWF, 2020 WL 6150922 (C.D. Cal. July 13, 2020); *Kroetz v. John Hancock Life Insurance Company USA*, No. 2:20-cv-02117-AB-RAO, ECF No. 45 (C.D. Cal. July 21, 2020); *Phan v. Transamerica Premier Life Insurance Company*, No. 20-cv-03665-BLF, 2020 WL 5576358 (N.D. Cal. Sept. 17, 2020); *Small v. Allianz Life Insurance Company of North America*, No. 20-cv-1994-TJH-KES, 2020 WL 5884757 (C.D. Cal. Sept. 4, 2020); *Grundstrom v. Wilco Life Insurance Company*, No. 20-cv-03445-MMC, 2020 WL 6873645 (N.D. Cal. Oct. 13, 2020); *Tavakolian v. Great American Life Insurance Company*, No. 5:20-cv-01133-JGB-SHK, ECF No. 26 (C.D. Cal. Oct. 16, 2020); and *Moreland v. The Prudential Co. of Am.*, No. 20-cv-04336-RS, ECF No. 35 (N.D. Cal. Oct. 30, 2020).

[2] Plaintiff points to the district court's order denying a motion to stay in *Siino v. Foresters Life Ins. & Annuity Co.*, No. 20-cv-02904-JST, 2020 WL 8410449 (N.D. Cal. Sept. 1, 2020).

inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). A stay may be granted regardless of whether the separate proceedings are "judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).

## ANALYSIS

In the pending motion, defendant "requests that the Court stay this action pending the resolution of appeals in which the California Supreme Court and the United States Court of Appeals for the Ninth Circuit are confronting the issues presented in this case (i.e., whether the Statutes apply to policies issued prior to January 1, 2013)." (Doc. Nos. 8 at 2; 8-1 at 8.) Specifically, defendant seeks a stay of this action pending decisions in the following cases on appeal: (1) *McHugh v. Protective Life Ins. Co.*, 40 Cal. App. 5th 1166 (2019), *review granted*, 456 P.3d 933 (Cal. Jan. 29, 2020) (No. S259215); (2) *Bentley v. United of Omaha Life Ins. Co.*, 371 F. Supp. 3d 723 (C.D. Cal. 2019), *appeals docketed*, No. 20-55435 (9th Cir. Apr. 27, 2020) & No. 20-55466 (9th Cir. Apr. 29, 2020); and (3) *Thomas v. State Farm Ins. Co.*, 424 F. Supp. 3d 1018 (S.D. Cal. 2019), *appeal docketed*, No. 20-55231 (9th Cir. Mar. 2, 2020). (Doc. No. 8-1 at 18–21.)

As to *McHugh*, the California Supreme Court is currently reviewing the decision by the California Court of Appeal holding that the Statutes do not apply to life insurance policies issued or delivered before the January 1, 2013 effective date. *McHugh*, 40 Cal. App. 5th at 1171. The California Supreme Court heard oral arguments in *McHugh* on June 2, 2021.[3]

As to *Bentley*, the Ninth Circuit is reviewing the district court's order finding that the Statutes applied prospectively from the January 1, 2013 effective date to the annual term policy at

---

[3] The California Supreme Court files its written opinions within 90 days of oral argument and the decision becomes final 30 days after filing. *See* Internal Operating Practices and Procedures of the California Supreme Court, Seventh Ed., updated 2019, available at: https://www.courts.ca.gov/2962.htm (last visited June 21, 2021).

issue because a premium payment constitutes renewal and "when a policy renews, it incorporates any changes in law that occurred prior to the renewal." *Bentley*, 371 F. Supp. 3d at 732–33. The district court's order in *Bentley* pre-dated the decision by the California Court of Appeal in *McHugh*.

As to *Thomas*, the Ninth Circuit is reviewing the district court's decision that the Statutes have no retroactive effect but because the payment of premiums on term life insurance policies constitutes "renewal," policies that are renewed on or after January 1, 2013 are subject to the grace period, designation, and notification requirements of the Statutes. *Thomas*, 424 F. Supp. 3d at 1028. The district court in *Thomas* noted that in *McHugh*, the California Court of Appeal did "not directly address whether a monthly payment of a premium constitutes renewal of an insurance policy." *Id.* at 1026.

On June 3, 2021, the Ninth Circuit stayed proceedings in both the *Bentley* and *Thomas* appeals, deferring submission of those cases for decision pending the issuance of a decision by the California Supreme Court in *McHugh*, No. S259215, and directing the parties to file a status report and advise the court if supplemental briefing is necessary within 14 days of that decision. *See Bentley*, Order, Nos. 20-55435 and 20-55466 (9th Cir. June 3, 2021), ECF No. 68; *Thomas*, Order, No. 20-55231 (9th Cir. June 3, 2021), ECF No. 45.

In the pending motion to stay, defendant contends that "[t]he resolution of the pending appeals will define the scope of potentially viable claims, if any, in this action," and "[a]waiting appellate guidance will therefore simplify issues, proof, and questions of law, and the parties and the Court will avoid the unnecessary expenditure of resources litigating meritless claims." (Doc. No. 8-1 at 8.) As to the first factor that courts weigh in considering whether to stay proceedings (possible damage that may result from granting the stay), defendant emphasizes that a mere delay in proceedings, without more, does not prejudice the other party. (*Id.* at 20.) As to the second factor (hardship or inequity on the parties), defendant contends that without the requested stay, the parties will be forced to expend significant resources and engage in motion practice to litigate issues that may be mooted entirely by the decisions in *McHugh*, *Bentley*, and *Thomas* or that may need to be revisited after those decisions are issued. (*Id.*) As to the third factor (the orderly

course of justice), which defendant argues weighs most heavily in favor of staying this action, defendant emphasizes that all of plaintiff's claims turn on whether and to what extent the Statutes apply to universal life insurance policies issued or delivered before January 1, 2013—a question that is currently being considered by the California Supreme Court and the Ninth Circuit and on whose decisions this court will be bound. (*Id.* at 18–19.)

In opposing defendant's motion to stay, plaintiff argues that because she is seeking to enforce important remedial statutes, the putative class would be damaged by a stay that delays imposition of the remedies sought in this action. (Doc. No. 12 at 21–23.) Plaintiff also contends that defendant's claim that it would have to expend resources is not a "clear case of hardship" and that the orderly course of justice would not be served by the "indefinite stay" that defendant has requested here. (*Id.* at 23–24.)[4]

In its reply, defendant contests plaintiff's characterization of the requested stay as "indefinite," and notes that in "two cases filed by plaintiff's counsel involving nearly identical allegations," courts granted the defendant insurer's motions to stay. (Doc. No. 13 at 14.) Defendant also reiterates that "a stay is particularly compelling because the decisions in the *McHugh* and *Thomas* (or *Bentley*) appeals would have the potential to resolve all of the critical legal issues, not just simplify them." (*Id.* at 15.)

The court finds that on balance, consideration of the three *CMAX* factors weigh in favor of granting a stay of this action pending the issuance of decisions in the *McHugh*, *Thomas*, and *Bentley* appeals. The court is not persuaded by plaintiff's argument that merely because she seeks to represent a class of elderly and vulnerable individuals and seeks remedial relief, that damage would necessarily result from the granting of a stay. Notably, plaintiff has not sought a temporary restraining order or preliminary injunctive relief. *See Kelley v. Colonial Penn Life Ins.*

---

[4] Plaintiff also seeks to add another factor to the scale, suggesting that the court require defendant to make a "strong" showing that the Ninth Circuit will reverse the district court orders in *Bentley* and *Thomas*. (Doc. No. 12 at 25.) The court declines to add such a factor or require defendant to make such a showing. *See Phan v. Transamerica Premier Life Ins. Co.*, No. 20-cv-03665-BLF, 2020 WL 5576358, at *2–3 (N.D. Cal. Sept. 17, 2020) (granting a stay pending resolution of the appeals in *Bentley*, *Thomas*, or *McHugh* and "declin[ing] Ms. Phan's invitation to add a factor to the CMAX balancing test, which has stood for over fifty years").

*Co.*, No. 20-cv-3348-MWF-E, 2020 WL 6150922, at *6 (C.D. Cal. July 13, 2020) (concluding a temporary stay pending resolution of the appeal in either *McHugh* or *Thomas* will not harm the plaintiff, who had not sought a temporary restraining order or a preliminary injunction) (citing *Gustavson v. Mars, Inc.*, No. 13-cv-04537-LHK, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014) (granting stay and reasoning that "this action is at an early stage of litigation, Plaintiff has not moved for a preliminary injunction, and any prospective injunctive relief is unlikely to be addressed by this Court or a jury before the Ninth Circuit issues a decision")). The court also does not agree with plaintiff's characterization that the requested stay would be for an "indefinite" duration because defendant has requested a stay pending the resolution of certain appeals, including one in which the California Supreme Court has recently heard oral argument. *See Grundstrom v. Wilco Life Ins. Co.*, No. 20-cv-03445-MMC, 2020 WL 6873645, at *3 (N.D. Cal. Oct. 13, 2020) (citing *Burnell v. Swift Transp. Co.*, No. 10-cv-00809-VAP-OPX, 2011 WL 13352810, at *3 (C.D. Cal. Jan. 20, 2011) (finding that a stay pending a California Supreme Court's decision was not "indefinite" and noting that "the California Supreme Court has internal procedures to ensure timely management of its docket"). Finally, the court agrees with defendant and the other district courts that have similarly stayed cases pending resolution of the *McHugh*, *Bentley*, and/or *Thomas* appeals that staying this case until a decision is issued in *McHugh* and in *Bentley* or *Thomas* will conserve both the parties' resources and the court's resources by avoiding potentially unnecessary litigation. This is especially true given that the California Supreme Court's decision in *McHugh* will be binding on this court. *See Small v. Allianz Life Ins. Co. of N. Am.*, No. 20-cv-01944-TJH-KES, 2020 WL 5884757, at *2 (C.D. Cal. Sept. 4, 2020) (noting that the California Supreme Court's decision will be binding and "[c]onsequently, it would be a waste of judicial resources to not stay the instant case until the California Supreme Court issues its decision" in *McHugh*).

Moreover, due to the well-publicized and critical shortage of judicial resources that this district has endured unabated for over sixteen months, the court has regrettably been unable to address the pending motion in an acceptable period of time. During this period of unavoidable delay, particularly in the late Summer and Fall of 2020, many district courts issued orders staying

similar cases pending the appeals in *McHugh*, *Bentley*, and/or *Thomas*, and did so with the understanding that those stays may not be lifted for a year or longer. *See, e.g.*, *Phan*, 2020 WL 5576358, at *3 ("The Court does understand Ms. Phan's desire to avoid a multi-year indefinite stay. The Court will put a definite time period on the stay—12 months. If there is no resolution from either the Ninth Circuit or the California Supreme Court at that time, the stay may be extended for a similarly definite period of time."). Because the court is considering defendant's motion at this late date, when the California Supreme Court has already heard oral arguments in *McHugh*, and a decision in *McHugh* will trigger the lifting of the stays issued by the Ninth Circuit in *Bentley* and *Thomas*, the court concludes that the granting of a stay at this time is clearly appropriate and will not harm plaintiff.

Accordingly, the court will grant defendant's motion to stay this action pending the issuance of a decision by the California Supreme Court in *McHugh* and pending the issuance of a decision by the Ninth Circuit in either *Bentley* or *Thomas*. The court will direct the parties to each file a status report with the court within 14 days of the issuance of the latter of those decisions. Each status report shall notify the court of the fact that the decisions in those appeals have been issued and advise the court whether the party believes that supplemental briefing with regard to defendant's motion to dismiss is necessary. The status report shall not include any substantive arguments. After receiving the parties' status reports, and if appropriate, the court will set a schedule for the parties to file supplemental briefing in support of, or in opposition to, the pending motion to dismiss.

In light of the issuance of this stay, the court will not address the merits of defendant's motion to dismiss plaintiff's complaint for failure to state a cognizable claim for relief until the stay has been lifted, and the parties have had an opportunity to file supplemental briefing addressing the impact of those appellate decisions on the pending motion to dismiss, if appropriate.

/////

/////

/////

9

**CONCLUSION**

For the reasons set forth above,

1. Defendant's motion to stay proceedings in this action (Doc. No. 8) is granted;

2. This case is stayed pending the issuance of a decision by the California Supreme Court in *McHugh* and pending the issuance of a decision by the Ninth Circuit in either *Bentley* or *Thomas*; and

3. Within 14 days of the issuance of the latter of those decisions, each party shall submit a status report notifying the court that those decisions have been issued and advising the court on whether supplemental briefing with regard to the pending motion to dismiss (Doc. No. 8) is necessary.

IT IS SO ORDERED.

Dated: **June 22, 2021**

UNITED STATES DISTRICT JUDGE